IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JASON WEAVER, an individual,

    Plaintiff,

vs.

LAW OFFICES OF NOAM J. COHEN,
P.A., a Florida professional association,
and NOAM J. COHEN, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jason Weaver, an individual, sues Defendants, Law Offices of Noam J. Cohen, P.A., a Florida professional association, and Noam J. Cohen, an individual, and alleges:

### *INTRODUCTION*

1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337.

### *ALLEGATIONS AS TO PARTIES*

3.    At all times material hereto, Plaintiff, Jason Weaver ("Mr. Weaver"), was *sui juris* and a resident of Broward County, Florida.

4.    At all times material hereto, Defendant, Law Offices of Noam J. Cohen, P.A.

("Collection Law Firm), was a Florida professional association doing business at 13899 Biscayne Boulevard, Suite 305, Miami, Florida 33181.

5.  At all times material hereto, Defendant, Noam J. Cohen ("Attorney Cohen"), was *sui juris* and a resident of Miami-Dade County, Florida.

6.  At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

## *FACTUAL ALLEGATIONS*

7.  Several years prior to the filing of the instant action, Mr. Weaver obtained a student loan ("Student Loan") for his personal and household purposes.

8.  At some unknown time in the past, the Student Loan was purportedly assigned and/or transferred to Teri Loan Holdings, LLC ("Teri Loan") for unknown consideration and unknown terms.

9.  Subsequent to the purported transfer or assignment of the Student Loan, Teri Loan retained Defendants for the purpose of collecting monies purportedly due on the Student Loan from Mr. Weaver.

10.  On or about June 21, 2012, Defendants sent or caused to be sent to Mr. Weaver at his address in Broward County, Florida, correspondence, known more commonly in the collection industry as a "dunning letter," in an attempt to collect the Student Loan ("Initial Written Collection Communication").

11.  A true and correct copy of the Initial Written Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A".

12.  The Initial Written Collection Communication was the first written

communication to Mr. Weaver from Defendants concerning the Student Loan.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

13. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

14. Mr. Weaver realleges and reaffirms the allegations contained in Paragraphs 1 through 12 above as if set forth hereat in full.

15. At all times material hereto, Mr. Weaver was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

16. At all times material hereto, Teri Loan was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

17. At all times material hereto, the Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

18. At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

19. 15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;

>  (c)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>  (d)  A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>  (e)  A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20.  Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. Weaver with a notice of validation rights containing all disclosures under 15 U.S.C. §1692g(a) as required by the FDCPA in a manner which would not confuse the least sophisticated consumer.

21.  Defendants violated the requirements of 15 U.S.C. §1692g(a)(1) by failing to disclose the "amount of the debt" in a manner which would not confuse the least sophisticated consumer.

22.  Pursuant to the Initial Written Collection Communication, Defendants stated:

>  Should this matter fail to be resolved within the thirty day period as provided for above, our client has authorized to file suit to enforce its legal rights.
>
>  ("Enforcement Deadline Representation")

23.  Through the use of the Enforcement Deadline Representation, Defendants violated the requirements of 15 U.S.C. §1692g(b) by making a communication that overshadowed and was inconsistent with the disclosure of a consumer's right to dispute the debt

and to request the name and address of the original creditor as mandated by the FDCPA.

24. Pursuant to 15 U.S.C. §1692k, Mr. Weaver is entitled to recover statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

25. Mr. Weaver has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Jason Weaver, an individual, demands judgment against Defendants, Law Offices of Noam J. Cohen, P.A., a Florida professional association, and Noam J. Cohen, an individual, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Weaver, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com

# LAW OFFICES OF
# NOAM J. COHEN, P.A.

13899 BISCAYNE BOULEVARD, SUITE #305
MIAMI, FL 33181
TEL. (305) 341-3545; FAX (305) 948-6665
EMAIL:NOAMC@NOAMJCOHENPA.COM
WEBSITE: WWW.FLORIDACOLLECTIONS.NET

‡ADMITTED IN FL, N.Y. & N.J.

June 21, 2012
JASON WEAVER
1708 N 40TH AV
HOLLYWOOD FL 33021

Re: TERI LOAN HOLDINGS LLC
Our File #:        W000444
Principal Balance:   $16,111.28

Dear JASON WEAVER & BOB WEAVER :

Our law firm has been retained by TERI LOAN HOLDINGS LLC , to collect the balance of $9,468.57 outstanding on the above-referenced delinquent accounts.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. If you do not dispute the validity of this debt, or any portion thereof, within thirty (30) days from receipt of this letter, we will assume the debt is valid. Should you dispute the validity of the debt, or any portion thereof, in writing to this office within the thirty day period, we will verify the debt and mail a copy of such verification to you. Upon your written request within the thirty day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please forward your check to this office. Your check should be made payable to:
**NOAM J. COHEN, P.A. Trust Account** and the above-referenced file number should be inserted on the lower left hand corner of the check.

We hope that this matter can be resolved promptly and amicably.

Should this matter fail to be resolved within the thirty day period as provided for above, our client has authorized us to file suit to enforce its legal rights.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

NOAM J. COHEN, ESQ.
Fla. Bar No. 0271240



EXHIBIT "A"